# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LASHON FRY & MARSHA BAYNES,**                                                  **PLAINTIFFS**

**VERSUS**                                          **CIVIL ACTION NO. 4:08CV150-P-S**

**ALFRED LOVE AND SOUTHEASTERN**
**BULK BAG CONNECTION, INC.,**                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

On November 17, 2008, the plaintiffs, Lashon Fry and Marsha Baynes, filed this action against the above named defendants alleging violations of Title VII and asserting several state law claims. By Stipulation of the parties (# 48) filed on November 2, 2009, all claims against Defendant Southeastern Bulk Bag Connection, Inc., the employer, were dismissed with prejudice, thereby extinguishing the federal claims upon which this court's jurisdiction was based. The remaining claims pending in this action consist of only state law claims against Defendant Alfred Love, who has failed to answer the complaint. By Order (# 50) entered on February 10, 2009, the plaintiffs were given seven (7) days to show cause why this case should not be dismissed for want of jurisdiction. Because the plaintiffs have failed to respond, the court finds there is no reason to continue to exercise jurisdiction over this case.

Generally, a district court should decline to exercise jurisdiction over remaining state-law claims when all federal claims are eliminated prior to trial. *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc*. 554 F.3d 595, 601 -602 (5th Cir. 2009) . In determining whether to exercise supplemental jurisdiction over remaining state law claims, the court should consider the statutory factors set forth in 28 U.S.C. § 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. *See id.* at 602. Section 1367 authorizes a federal to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court

has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)

In this case, the claims upon which this court's jurisdiction was based have been dismissed, and the only remaining claims are the plaintiffs' state law claims asserted against Defendant Alfred Love. Moreover, Love has not answered the complaint, and refiling this matter in state court should not pose any undue hardship upon the plaintiffs. Lastly, because the judicial resources invested in this case have been minimal, it is best that the court exercise its discretion and dismiss the remaining claims. *See Brookshire Bros.*, *supra*, at 602; *Hanak v. Talon Ins. Agency, Ltd.*, 470 F.Supp. 2d 695, 708 (E.D. Tex. October 13, 2006).

Therefore, it is recommended that the complaint be dismissed without prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 22nd day of February, 2010.

                                          **/s/ David Sanders**
                                          **U. S. MAGISTRATE JUDGE**